**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

TWIN CITY FIRE INSURANCE CO.,

             Plaintiff,

    v.

OCEANEERING INTERNATIONAL, INC.,
JOHN R. HUFF, T. JAY COLLINS,
JEROLD J. DESROCHE, D. MICHAEL
HUGHES, HARRIS J. PAPPAS, PAUL B.
MURPHY, JR., DAVID S. HOOKER and M.
KEVIN MCEVOY,

             Defendants.

C. A. No.4:16-cv-666

**MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF TWIN CITY FIRE**
**INSURANCE COMPANY**

    Plaintiff Twin City Fire Insurance Company ("Twin City") respectfully files this Motion

for Summary Judgment and supporting Memorandum of Law under Federal Rule of Civil

Procedure 56 seeking entry of declaratory judgment against Oceaneering International, Inc.

("Oceaneering") as well as John R. Huff, T. Jay Collins, Jerold J. DesRoche, D. Michael

Hughes, Harris J. Pappas, Paul B. Murphy, Jr., David S. Hooker, and M. Kevin McEvoy ("the

Individual Defendants").   Twin City seeks summary judgment under the Declaratory Judgment

Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 56 and 57, on the following issue:

> Whether, under a Directors' and Officers' insurance policy ("The Policy") issued
> by Twin City to Oceaneering International, Inc. ("Oceaneering"), Texas law and
> public policy, indemnity coverage exists if and to the extent any settlement of an
> underlying derivative action (challenging certain corporate directors'
> compensation) results in a payment back to Oceaneering in the nature of
> disgorgement of directors' compensation.

1

By this motion Twin City requests that the Court enter a declaratory judgment that, based upon the facts of this case combined with the applicable and controlling case precedent, the answer to the question presented is "no."

## SUMMARY JUDGMENT EVIDENCE

1.  Twin City attaches and incorporates by reference the following evidence:

A:  Principal Declaration of Anthony Fowler, with Exhibits A-1 – A-5, which include the Policy (Ex. A-1) and Verified Complaint in the Chancery Action (Ex. A-3).

B:  Sealed Supplemental Declaration of Anthony Fowler, with Exhibits B-1 – B-10.

C:  Declaration of James Sandnes, with Exhibits C-1 – C-2.

## FACTUAL OVERVIEW

2.  Twin City provides a more detailed factual analysis in the supporting Memorandum of Law, but briefly outlined the facts are clear and undisputed:

- From 2011 to 2013, the non-employee Individual Defendants awarded themselves compensation packages averaging over $1,000,000 a year.

- A derivative lawsuit in Delaware Chancery Court, styled *Peter L. Jacobs, derivatively on behalf of Oceaneering International, Inc. v. John R. Huff, et. al*., C.A. No. 977 ("Chancery Action"), related to this compensation scheme was filed, alleging that the directors awarded themselves compensation "vastly" in excess of "what a typical non-employee director receive[d] for performing similar services elsewhere."

- Before the Chancery Action was instituted, Twin City issued a Directors' and Officers' liability insurance policy, formally titled "D&O Premier Defense

Policy" number DA 0100989-13, to Oceaneering on a claims made basis for the Policy Period of August 1, 2013 to August 1, 2014.

- The Chancery Action specifically seeks disgorgement of the directors' compensation to Oceaneering.

- Currently, the Chancery Action plaintiffs, as well as Oceaneering and the Individual Defendants are in settlement negotiations, which specifically address disgorgement as the basis of the settlement.

3.   The law detailed in the Memorandum of Law holds that liability insurance does not and cannot cover settlements in the nature of disgorgement.  As discussed in detail therein, this law has been recognized by the Fifth Circuit, under Texas law, and by dozens of other circuit, district and state courts around the country.

4.   There is no doubt that the claim was timely reported.  The Policy was delivered in Texas with payments from Oceaneering's headquarters in Texas, meaning Texas law applies to interpretation of the Policy.

5.   Notably, while the Policy does not create a duty to defend, Twin City agreed that the costs of defense of Oceaneering and the Individual Defendants, subject to expiration of Oceaneering's self-insured retention (and the other terms, conditions and limitations), are covered by the Policy.  Thus, the defense costs are not implicated in this case.

6.   At bottom, aside from attorney's fees, expenses, and court costs (none of which is in issue in this action), it is clear that any monetary settlement of the Chancery Action will necessarily involve payments in the nature of disgorgement or restitution of the allegedly inappropriate compensation by the non-employee Individual Defendants and return of such to Oceaneering.

### MOTION FOR SUMMARY JUDGMENT

4. Twin City's Memorandum of Law fully addresses the legal issue before this Honorable Court. However, by way of summary, Texas law and established public policy do not allow for indemnity insurance coverage of disgorgement or restitution damages. The Chancery Action expressly seeks disgorgement of compensation from the non-employee Individual Defendants to Oceaneering. Under Texas law and public policy, no coverage exists for any settlement, verdict, or judgment to the extent it involves payments to Oceaneering in the nature of disgorgement or restitution. Twin City, therefore, moves that this Honorable Court issue a declaratory judgment in its favor on this issue under 28 U.S.C. § 2201 and Federal Rules of Civil Procedure 56 and 57.

### PRAYER & CONCLUSION

Therefore, Twin City respectfully requests this Honorable Court grant this Motion for Summary Judgment, enter a declaratory judgment in favor of Twin City on this issue, and grant to Twin City all other relief in law or equity to which it is entitled.

Respectfully submitted,

*/s/ F. Daniel Knight*
F. Daniel Knight
State Bar No.: 24041265
S.D. Tex. Bar No.: 37344
CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY
Two Allen Center
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone:     (713) 658-2571
Facsimile:     (713) 658-2553
daniel.knight@chamberlainlaw.com

OF COUNSEL:
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY
Christine Kirchner
State Bar No.:
S.D. Tex. Bar No.:
Telephone:     (713) 654-9691
Facsimile:      (713) 658-2553
christine.kirchner@chamberlainlaw.com

-and-

SKARZYNSKI BLACK LLC
James Sandnes
Southern District of New York Bar No.: JS-1199
jsandnes@skarzynski.com
One Battery Park Plaza, 32nd Floor
New York, New York 10004
Telephone:  (212) 820-7700
Facsimile:  (212) 820-7740
*ADMITTED PRO HAC VICE*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned verifies his Firm served a copy of the foregoing pleading, with attachments, upon counsel of record for the parties below in the manner described below in accordance with the Federal Rules of Civil Procedure on June 8, 2016.

***<u>Via Electronic Service</u>***
Mr. Jim Cooper
REED SMITH, LLP
811 Main Street, Suite 1700
Houston, Texas 77002

**Attorney for Oceeaneering International, Inc.;**
**John R. Huff; T. Jay Collins;**
**Jerold J. DesRoche; D. Michael Pappas;**
**Paul B. Murphy; David S. Hooker; and**
**M. Kevin McEvoy**

*/s/ F. Daniel Knight*_____
F. Daniel Knight

4845-0303-4674, v. 3
2175477.1
130644..000003