IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE CO., § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-16-666 |
| § | | |
| OCEANEERING INTERNATIONAL, § | | |
| INC., *et al.*, § | | |
| *Defendants.* § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Magistrate Judge's Memorandum and Recommendation (the "M&R") (Dkt. 40) recommending that the plaintiff's motion for summary judgment (Dkt. 24) be granted and that the defendants' motion for judgment on the pleadings (Dkt. 26) be denied. Having considered the motions, related briefing, and exhibits (Dkts. 24, 26, 28-32, 34-35, 38), the M&R (Dkt. 40), defendants' objections (Dkt. 41), plaintiff's response to defendants' objections (Dkt. 42), as well as other relevant materials in the record, the court is of the opinion that defendants' objections should be OVERRULED and the M&R should be ADOPTED IN FULL.

**I. BACKGROUND**

Oceaneering International Inc. ("Oceaneering") purchased a directors and officers defense policy ("D&O policy") from the plaintiff. Dkt. 24-2, Ex. A-1. The policy covered, among others, Oceaneering's directors and officers as insured persons. *Id.* In June 2014, an Oceaneering shareholder filed a derivative action on behalf of Oceaneering against the current directors and one former director for granting themselves excess compensation. Dkt. 24-2, Ex. A-3. Oceaneering filed a claim for coverage of the derivative action under the D&O policy, which, reserving rights, the plaintiff agreed to cover with regard to defense costs only. Dkt. 24-2, Ex. A-2, Ex. A-5. The

plaintiff in the derivative action made a settlement demand that consisted mostly of disgorgement of the alleged excess compensation, and the defendants to that suit made a settlement counteroffer. Dkt. 28-1, Ex. B-2, Ex. B-3.  The plaintiff here then filed suit, seeking a declaration that it does not owe indemnity coverage under the D&O policy for any settlement reached in the derivative action. Dkt. 1.

The Magistrate Judge treated the defendants' motion for judgment on the pleadings as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).  Dkt. 40 at 9-10. Regarding the coverage dispute, the Magistrate Judge decided that any part of the settlement that covered disgorgement of excess compensation did not constitute a covered loss under the policy. *Id.* at 17.  The Magistrate Judge refrained from determining what portion of the proposed settlement is in the nature of disgorgement.  *Id.* at 21.

## II. LEGAL STANDARD

### A.     Magistrate Judge

For dispositive matters, the court "determine(s) de novo any part of the magistrate judge's disposition that has been properly objected to."  *See* Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).  For non-dispositive matters, the court may set aside the magistrate judge's order only to the extent that it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

**B.**     **Motion for Summary Judgment**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

## II. OBJECTIONS

The defendants filed objections to the M&R (Dkt. 41). In summary, the defendants contend that the Magistrate Judge incorrectly concluded that payments in the nature of disgorgement are uninsurable as a matter of law, misapplied and improperly extended *In re TransTexas Gas Corporation*, 597 F.3d 298, 309 (5th Cir. 2010), and failed to interpret the D&O policy as a whole in determining that the exception to the "personal profit" exclusion did not restore coverage . Dkt. 41. These are all arguments considered and discussed by the Magistrate Judge in the M&R, and the court reviewed the Magistrate Judge's rationale and conclusions as expressed in the M&R *de novo* and ADOPTS them in full.

### III. CONCLUSION

The defendants' objections (Dkt. 41) are OVERRULED, and the M&R (Dkt. 40) is hereby ADOPTED IN FULL. The plaintiff's motion for summary judgment (Dkt. 24) is GRANTED and defendants' motion for judgment on the pleadings (Dkt. 26) is DENIED.

Signed at Houston, Texas on March 29, 2017.

_____
Gray H. Miller
United States District Judge